16-3249-cr
United States v. Liebowitz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
                    REENA RAGGI,
                    DENNY CHIN,
                              *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,


            v.                                                   No. 16-3249-cr

SHIMEN LIEBOWITZ,
                              *Defendant-Appellant*.


------------------------------------------------------------------------

APPEARING FOR APPELLANT:          SUSAN R. NECHELES, Hafetz & Necheles LLP, New York, New York.

APPEARING FOR APPELLEE:          SCOTT A. HARTMAN, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the pretrial detention order entered on September 20, 2016, is AFFIRMED.

Defendant Shimen Liebowitz—who stands indicted for kidnapping and murder-for-hire conspiracies, see 18 U.S.C. §§ 1201(c), 1958—appeals from the denial of bail pending trial pursuant to 18 U.S.C. § 3142(e). See § 3145(c) (authorizing appellate review of pretrial detention orders under 28 U.S.C. § 1291). We review the district court's factual findings—including its ultimate findings as to risk of flight and danger to any person or the community—for clear error, see United States v. English, 629 F.3d 311, 319 (2d Cir. 2011); and we will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed," United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted). We review the district court's conclusions of law de novo. United States v. Abuhamra, 389 F.3d 309, 317 (2d Cir. 2004). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm denial of bail pending trial.

Liebowitz argues that the district court clearly erred in finding that he poses a future threat of harm because he had never previously been charged with a violent crime and was apprehensive about using violence in the crimes charged. In any event, he argues that evidence of past conduct is insufficient to establish an ongoing or future threat. Further, Liebowitz challenges the district court's finding that he poses a risk of

2

flight, arguing that he has a well-established life in Kiryas Joel, where he lives with his wife and daughter, and that his ties to Israel and Australia are entitled to little weight because both countries have extradition treaties with the United States, which would make his flight to either locale futile.

Upon review of the record, we conclude that the evidence is sufficient to support the district court's factual findings that no condition or combination of conditions of release will reasonably assure Liebowitz's appearance at trial or the safety of persons in the community. See 18 U.S.C. § 3142(e). That record contains compelling evidence of Liebowitz's participation in the charged crimes and his knowledge and acquiescence in the use of violence to commit them. See, e.g., Appellant's Br., Ex. D, at 9 (quoting defendant's recorded inquiry as to whether "DNA is enough" to establish to rabbinical authorities that intended victim was deceased so as to render get unnecessary). Such evidence admits a clear and compelling finding that he posed a threat of future harm. See United States v. Mercedes, 254 F.3d 433, 437 (2d Cir. 2001) (concluding that defendant posed threat of future dangerousness when nature of charged offense presented high risk of violence, and evidence implicating defendant was significant).

The lengthy jail sentence that could be imposed for the charged crimes provides an incentive to flee. See United States v. Sabhnani, 493 F.3d at 77 (recognizing that defendant facing significant term of incarceration might prefer to lose financial assets rather than freedom). The likelihood of flight is reinforced in this case by the fact that Liebowitz holds Australian as well as United States citizenship and has family members

3

in Australia. See United States v. Shelikhov, 468 F. App'x 54, 56 (2d Cir. 2012) (finding risk of flight based on defendant's "extensive personal and business ties" to Ukraine and his mother, fiancée's parents and brother residing there); accord United States v. Sabhnani, 493 F.3d at 76–77 (finding risk of flight by defendants with strong family and professional ties to their native countries). Further, despite Liebowitz's professed modest assets, the record shows his access to substantial resources to finance flight. See United States v. Sabhnani, 493 F.3d at 76 (observing that case for detention is strengthened by defendants' access to assets to finance own flight and that of family).

Liebowitz's willingness to submit to electronic monitoring and home confinement did not compel the district court to find those conditions sufficient to order bail release particularly where, as here, Liebowitz sought frequent exceptions to home confinement. See generally United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993) (recognizing ease with which "electronic surveillance systems can be circumvented" and "monitoring equipment . . . rendered inoperative" (internal quotation marks omitted)); accord United States v. Mercedes, 254 F.3d at 437 (concluding that electronic monitoring and home detention were insufficient in case of defendant who presented substantial flight risk).

In sum, we identify no clear error in the district court's factual findings, which were sufficient to support the conclusion that Liebowitz presented a flight risk and danger to the community that could not be reasonably mitigated by any condition or combination of conditions of release.

4

Accordingly, the district court's detention order is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court